UNITED STATES of America, Plaintiff–Appellee,

v.

George Lawrence OGG, Defendant–Appellant.

No. 92–4118.

United States Court of Appeals, Tenth Circuit.

April 28, 1993.

Jerome H. Mooney, III, Mooney & Associates, Salt Lake City, UT, for defendant-appellant.

Tiffany Romney, Sp. Asst. U.S. Atty. (David J. Jordan, U.S. Atty. and Richard N.W. Lambert, Asst. U.S. Atty., with her on the brief), Salt Lake City, UT, for plaintiff-appellee.

Before EBEL, Circuit Judge, GODBOLD, Senior Circuit Judge,[1] and KELLY, Circuit Judge.

GODBOLD, Senior Circuit Judge:

Ogg pleaded guilty in Utah state court to sexual exploitation of a minor, based on materials found in a search of his home. In November 1991 he completed his state sentence of six months (nine months less three months good behavior).

In January 1992 Ogg was charged in a federal indictment with interstate transportation of child pornography and aiding and abetting the same, in violation of 18 U.S.C. § 2252(a)(1) and (2). He pleaded guilty, and on July 7, 1992 was sentenced to 12 months

confinement, supervised release, a $50 fee, and community service. At the time of sentencing U.S.S.G. § 5G1.3(b), as then in effect, stated in pertinent part:

> (b) If subsection (a) does not apply[2], and the undischarged term of imprisonment resulted from offense(s) that constituted part of the same course of conduct as the instant offense and have been fully taken into account in the determination of the offense level for the instant offense, ... the sentence for the instant offense shall be imposed to result in a combined sentence equal to the total punishment that would have been imposed under § 5G1.2 (Sentencing on Multiple Counts of Conviction) had all the sentences been imposed at the same time.

The district court did not give Ogg credit for the state sentence imposed or the six months actually served.

By its specific language § 5G1.3(b) requires that the defendant be subject to an undischarged term of imprisonment. The background statement expresses the same limitation, as do the Application Notes and Commentary. Ogg had fully completed his state sentence some eight months before he was sentenced on the federal charge (and two months before he was even charged in the federal indictment). Because of this conclusion we need not address Ogg's contention, and the state government's denial, that the two convictions arose out of the same course of conduct.

Ogg suggests that the Guidelines do not clearly set forth what should occur where the government charges a defendant only after completion of his state sentence. But the Commission repeatedly used the phrase "undischarged term of imprisonment." This creates a strong inference that the Commission did not intend 5G1.3(b) to apply to sentences that had been fully served. This conclusion is reinforced by the Application Notes which do not contain any example showing subsec-

---

1. The Honorable John C. Godbold, Senior U.S. Circuit Judge for the Eleventh Circuit, sitting by designation.

2. Subsection (a) applies where the instant crime is committed while the defendant is imprisoned for a different offense. It does not apply in this case because defendant did not commit this offense while subject to a term of imprisonment.

tion (b) applied to a fully-discharged term of imprisonment.

Ogg suggests that his sentence must be vacated because the court erred in failing to consider the application to him of subsection (b). Defense counsel pointed out § 5G1.3 and the 1992 amendments, discussed below, and asked the court to give credit for state time served. The court imposed a sentence without credit and this ensued:

Q. [DEFENSE COUNSEL]: Excuse me, Your Honor. Is the court specifically ruling that 5G1.3 is not applicable?

A. [THE COURT]: I'm ruling that whether it's applicable or nor I'm not going to permit the credit of prior time.

This, Ogg says, was error for failure to consider the applicable sentencing guideline. The short answer to this is that it was not error for the court to fail to explicitly consider a section that did not apply to him (because he had no undischarged term of imprisonment).

There is no merit to the argument that it was unfair for the government to lengthen Ogg's overall time served by waiting to charge him until after completion of the state sentence. Even if we thought this unfair we are not authorized to rewrite guidelines for perceived unfairness. They permit the courts to correct unfairness in some situations by departing, but Ogg does not contend that the court should have departed.

The 1992 Amendments changed § 5G1.3(b) but the changes were not in effect when Ogg was sentenced. Ordinarily a defendant must be sentenced under the Guidelines in effect on the date of sentencing. A court may, however, consider a clarifying amendment. As amended § 5G1.3(b) provides:

(b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(b) (Nov. 1, 1992). The amendment changes both the requirements to make subsection (b) applicable and the sentence to be imposed once it is determined

to be applicable. The "same course of conduct" requirement is omitted. The "combined sentence" provision has been replaced by a direction to impose concurrent sentences. The 1992 revision deletes the prong of subsection (b) pertaining to sentencing a defendant subject to an undischarged term of imprisonment previously imposed pursuant to the Sentencing Reform Act. These amendments do much more than clarify, so this court may only consider the 1991 Guidelines. Because of this conclusion we do not address whether the 1992 amendments would eliminate the requirement that the state conviction be undischarged.

*U.S. v. Gullickson*, 981 F.2d 344 (8th Cir. 1992), is of no help to Ogg. It decided only that the sentencing court may not ignore § 5G1.3 if it is applicable to the defendant and must follow it unless sufficient justification for departure exists. This circuit agrees. *U.S. v. Shewmaker*, 936 F.2d 1124, 1126–28 (10th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 884, 116 L.Ed.2d 788 (1992). These cases do not require a court to expressly consider applicability of § 5G1.3 to defendants who are not within its scope.

**AFFIRMED.**