25 F.3d 1059
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Johnnie Leto PICKENS, Defendant-Appellant.
 No. 93-7100.
 United States Court of Appeals, Tenth Circuit.
 June 2, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.[2]
 
 
 1
 Defendant Johnnie Leto Pickens was convicted of four counts of distribution of cocaine base, 21 U.S.C. 841(a)(1), three counts of use of a telephone to facilitate a drug felony, 21 U.S.C. 843(b), and a drug conspiracy count, 21 U.S.C. 846. Defendant appealed his convictions and sentence, and we remanded the case for, at the government's option, resentencing or retrial. See United States v. Pickens, No. 91-7092, 1993 U.S.App. LEXIS 9787 (10th Cir. Apr. 19, 1993). The government opted for resentencing, and Defendant was resentenced to 129 months imprisonment. Defendant now appeals his sentence for the second time. We have jurisdiction pursuant to 18 U.S.C. 3742.
 
 
 2
 On appeal, Defendant argues the district court erred in failing to apply the correct version of U.S.S.G. 5G1.3(b) which provides for the imposition of sentence on a defendant who is subject to an undischarged term of imprisonment. Defendant claims that although the court did in fact follow the mandate of the correct version of 5G1.3(b), its reference to an earlier version of the section ultimately led the court to decline Defendant's request for a downward departure on the basis of extraordinary physical impairment, U.S.S.G. 5H1.4. We affirm.
 
 
 3
 Defendant's argument fails because U.S.S.G. 5G1.3(b) simply does not apply in this case. Section 5G1.3(b), by its terms, only applies when the defendant is subject to an undischarged term of imprisonment. See U.S.S.G. 5G1.3; see also United States v. Ogg, 992 F.2d 265, 266 (10th Cir.1993) (holding that the title, language, background statement, and application notes of 1991 version of 5G1.3(b) support conclusion that 5G1.3(b) does not apply to terms of imprisonment that have been fully served at time of sentencing). At the time of Defendant's resentencing, he was not subject to an undischarged term of imprisonment, as he had already fully served his twenty-two month state prison sentence on related drug charges. Because 5G1.3(b), in any version, did not apply to Defendant, the district court did not err in referencing an earlier version of the section in deciding to, in effect, depart downward and credit Defendant for time served in state custody.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Neither party requested oral argument. The case is therefore ordered submitted on the briefs