# UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2663

_____

United States of America,                    *
                                             *
                  Appellee,                  *
                                             *     Appeal from the United States
        v.                                   *     District Court for the District
                                             *     of Minnesota.
Michael Patrick Otto,                        *
                                             *
                  Appellant.                 *

_____

Submitted: March 11, 1999
Filed: April 21, 1999

_____

Before BEAM and HEANEY, Circuit Judges, and FENNER,[1] District Judge.

_____

FENNER, District Judge.

Appellant, Michael Patrick Otto, appeals his sentence after pleading guilty to eleven counts of bank fraud in a thirteen count indictment against him in the United States District Court for the District of Minnesota. Additionally, Otto agreed to have transferred from the Southern District of Florida and to plead guilty to a one-count indictment charging him with bank fraud in Florida.

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri, sitting by designation.

Otto's charges stemmed from a "check-kiting" scheme he utilized to create and maintain falsely inflated balances in accounts at several federally insured financial institutions. Otto used these falsely inflated balances to cause checks presented by him to be honored for payment when he knew there were not sufficient funds actually on deposit. Otto agreed that he owed restitution pursuant to his illegal activity in the amount of $225,372.26.

Otto raises two points on appeal. First, he argues that his case should be remanded because the District Court was misled by the government at sentencing on the proper way to consider any credit he should receive for time he had already served pursuant to a related conviction in the State of Kansas.

At sentencing, Otto requested a downward departure from the sentencing guidelines because his offense conduct included his conviction in the State of Kansas for which he had already served his sentence. Otto argued at sentencing that because he had already served his sentence under the Kansas conviction and the court could not credit his time served under U.S.S.G. § 5G1.3(b), that he should be granted a downward departure. The government argued at sentencing that it should be left to the bureau of prisons "with direction from the court, to account for the amount of time, credit for time served, that [Otto] should receive as a result of him being in federal custody and the Kansas offense counting toward that." As acknowledged by the government at oral argument, its position at sentencing was improper because the bureau of prisons does not have authority to grant Otto credit for time served under his Kansas sentence. The district court denied Otto's request for a downward departure and sentenced him within the guideline range. Nonetheless, Otto argues on appeal that because the District Court was misled by the government's argument at sentencing, his sentence should be vacated and his case remanded for re-sentencing.

Judges are presumed to know the law and to apply it in making their decisions. *Wise v. Bowersox*, 136 F.3d 1197, 1203 (8th Cir. 1998). In the case at bar, the District Court denied Otto's request for a downward departure without making a recommendation

to the bureau of prisons of the nature suggested by the government. It is presumed that the District Court knew that the bureau of prisons was without authority to credit Otto with time that he had already served on his Kansas sentence. This presumption is supported by the fact that the District Court made no suggestion that any credit to which Otto was entitled for time served while in federal custody should extend to his Kansas sentence.

Otto's first point is denied.

In his second point, Otto argues that U.S.S.G. § 5G1.3(b) violates the equal protection component of the Due Process Clause of the Fifth Amendment because it mandates credit for undischarged sentences but not for discharged sentences.

Section 5G1.3 sets forth the guidelines for the imposition of a sentence on a defendant subject to an undischarged term of imprisonment. Section 5G1.3(b) provides, in pertinent part:

> If . . . the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(b)

By its terms, § 5G1.3(b) applies exclusively to undischarged sentences. *United States v. Burke*, 91 F.3d 1052, 1053 (8th Cir. 1996); *United States v. Mun*, 41 F.3d 409, 413 (9th Cir. 1994), *cert. denied*, 514 U.S. 1077 (1995); *United States v. Ogg*, 992 F.2d 265, 266 (10th Cir. 1993). It is silent with regard to discharged sentences. However, a District Court has authority to depart downward in order to give a defendant credit for time served on his expired state sentence. *United States v. O'Hagan*, 139 F.3d 641, 657-58 (8th Cir. 1998).

In the absence of a suspect classification based on race or other forbidden grounds, a legislative distinction, such as the distinction between a discharged and an undischarged sentence, is required only to have a rational basis to survive a challenge that the classification violates the substantive component of the Due Process Clause of the Fifth Amendment. *United States v. Frieberger*, 28 F.3d 916, 921 (8th Cir. 1994), *cert. denied*, 513 U.S. 1097 (1995).

With undischarged sentences, there remains uncertainty as to the amount of time a defendant will actually serve. For example, a defendant could be paroled, placed on probation after serving some period of shock detention, given credit off a sentence for good behavior, or have the sentence vacated. There are no such contingencies in regard to a discharged sentence and it is rational to treat the two differently. Thus, because there is a rational basis for treating the two differently, there is no denial of due process by virtue of U.S.S.G. § 5G1.3(b) mandating credit for undischarged sentences but not discharged sentences.

The judgment of the District Court is affirmed.


A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.