UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael L. KNIGHT, Defendant–
Appellant.

No. 00–5196.

United States Court of Appeals,
Sixth Circuit.

May 8, 2001.

Before NORRIS and COLE, Circuit Judges; HOLSCHUH, District Judge.*

### ORDER

Michael Knight appeals his sentence entered upon his plea of guilty to forcibly breaking into the United States Post Office in Whiteside, Tennessee, with intent to commit larceny in violation of 18 U.S.C. §§ 2115 and 2. The parties have expressly waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

After pleading guilty, Knight requested that he be given credit toward his federal sentence for the time he was incarcerated in Alabama. At sentencing, the district court declined to credit Knight for time served on an Alabama state offense and declined to grant Knight a downward departure. The district court sentenced Knight to thirty months of imprisonment and three years of supervised release. The district court also ordered Knight to pay restitution in the following amounts: $926.64 to the United States Postal Services, $2,651.14 to the First Tennessee Bank of Chattanooga, and $11,294.48 to the Bank of Dade, Trenton, Georgia.

In his timely appeal, Knight contends that: 1) the district court should have extended USSG § 5G1.3 to allow him credit for time served on an Alabama state offense; and 2) the district court erred in not departing downward from the guideline sentence. The parties have filed briefs in which they expressly waive oral argument.

This court reviews de novo the district court's application of the Sentencing Guidelines to an undisputed set of facts. *United States v. Warshawsky,* 20 F.3d 204, 212 (6th Cir.1994); *United States v. Wilson,* 920 F.2d 1290, 1294 (6th Cir.1990). Upon de novo review, we find no error.

In May 1997, Knight broke into the United States Post Office in Whiteside, Tennessee. He stole money, money orders, and a money order imprinting machine. In May 1998, Knight pleaded guilty in an Alabama court to theft by deception in the first degree relating to his depositing $9,100 in the stolen money orders at First Southern National Bank. The Alabama court sentenced Knight to three years of imprisonment. Knight was released from state custody into federal custody pursuant to a federal arrest warrant in July 1999, after serving one year, two months and twelve days of his state sentence. Knight essentially concedes that, at the time his federal sentence was imposed, he was no longer subject to an undischarged Alabama state term of imprisonment. His state sentence had been fully served.

Knight argues that the district court should have applied USSG § 5G1.3 and credited his federal sentence for time he served on an Alabama state offense. Section 5G1.3 of the Sentencing Guidelines, captioned Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment, provides in pertinent part:

* The Honorable John D. Holschuh, United States District Judge for the Southern District of Ohio, sitting by designation.

(a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

(b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

Therefore, unless the defendant is serving an undischarged term of imprisonment at the time of his federal sentencing, § 5G1.3 does not apply. *United States v. Otto,* 176 F.3d 416, 418 (8th Cir.1999); *United States v. McHan,* 101 F.3d 1027, 1040 (4th Cir. 1996); *United States v. Burke,* 91 F.3d 1052, 1053 (8th Cir.1996); *United States v. Brassell,* 49 F.3d 274, 279 (7th Cir.1995); *United States v. Ogg,* 992 F.2d 265, 266 (10th Cir.1993).

Knight's argument in support of applying § 5G1.3 is meritless. Knight argues that the rule of lenity must apply because only the scheduling of his federal sentencing proceeding prevented the literal compliance with the conditions of § 5G1.3. Knight contends that the government inappropriately waited until he had served all of his state sentence before arresting him on the federal charges, and that it would be unfair for his sentence to be longer because the government did not arrest him until he was released from state custody. The Sentencing Guidelines direct district courts to determine credit for prior sentences at the time of sentencing and provide no exceptions for cases in which the defendant's sentencing has been delayed. *See McHan,* 101 F.3d at 1040 (fed-eral sentencing of the defendant delayed for twenty-two months following his conviction, during which time defendant's previous sentence expired). There is no merit to the argument that it was unfair for the government to lengthen Knight's overall time served by waiting to charge him until after completion of his state sentence. *See Ogg,* 992 F.2d at 267.

Knight's second contention is not subject to review. Knight argues that the district court erred because it did not depart downward from the sentence. A decision not to effect a downward departure is generally not cognizable on appeal. *United States v. Pickett,* 941 F.2d 411, 417 (6th Cir.1991). An appeal may be taken, however, when the district court mistakenly believed that it lacked any authority to depart downward as a matter of law. *United States v. Landers,* 39 F.3d 643, 649 (6th Cir.1994). In the absence of ambiguous statements by the district court concerning its discretion, there is a presumption that the court was aware of the law it was called upon to apply, *United States v. Russell,* 870 F.2d 18, 20 (1st Cir.1989), and it should be assumed that the court, in the exercise of its discretion, found the downward departure unwarranted. *United States v. Byrd,* 53 F.3d 144, 145 (6th Cir. 1995). Nothing in the record remotely suggests that the district court incorrectly believed that it could not exercise discretion to depart under the guidelines. In fact, the record is not ambiguous and reveals that the district court fully understood that it had the power to depart downward. Thus, the district court's decision not to depart downward is not subject to review under 18 U.S.C. § 3742(a).

Accordingly, we hereby affirm the district court's judgment.