# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1388

_____

United States of America,          *
                                          *

         Appellee,            *

                                         *   Appeal from the United States

      v.                   *   District Court for the

                                       *   Western District of Missouri.

Alexei Pena,               *

                                       *   [UNPUBLISHED]

         Appellant.          *

_____

Submitted: October 3, 2006
Filed:  October 4, 2006

_____

Before RILEY, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

A jury found Alexei Pena guilty of conspiring to distribute and distributing cocaine, and he was sentenced to 41 months in prison and 3 years of supervised release. After Pena began serving his supervised release, the probation office petitioned for revocation, alleging that Pena had violated his release conditions. At the revocation hearing, the district court[1] revoked supervised release and imposed a new sentence of 18 months in prison. Pena appeals, arguing that the district court abused its discretion by sentencing him without considering the factors in 18 U.S.C. § 3553(a), as required by 18 U.S.C. § 3583(e), including the Guidelines Chapter 7

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

policy statements and the 3-9 month revocation range recommended under Chapter 7. For the reasons discussed below, we reject this argument and conclude that the sentence was not unreasonable. See United States v. Nelson, 453 F.3d 1004, 1006 (8th Cir. 2006) (reasonableness standard of review for revocation sentences).

Although the recommended sentencing range and the violation worksheet which included the recommended range were not explicitly mentioned at the sentencing hearing, we cannot say that the court failed to consider the appropriate factors and policy statements: the violation worksheet was available to the court; the court conferred with the probation officers immediately prior to imposing sentence; the court discussed Pena's violations as well as his inability to tell the truth, accept personal responsibility, and respond to supervision; the same judge presided over Pena's original and revocation sentencing hearings, and the judge's remarks indicated a recognition of Pena's history and characteristics; and the court repeatedly declined at sentencing to give Pena another chance to continue on supervision because of his refusal to admit the truth. See United States v. Larison, 432 F.3d 921, 923 (8th Cir. 2006) (district court need not mechanically list every § 3553(a) consideration when sentencing defendant upon revocation of supervised release); United States v. Franklin, 397 F.3d 604, 607 (8th Cir. 2005) (fact that same judge presided over original sentencing hearing and revocation hearing implied familiarity with defendant's history and characteristics, and district court's awareness of defendant's numerous and repeated violations of release conditions supported inference that court was aware of relevant § 3553(a) factors); United States v. Otto, 176 F.3d 416, 418 (8th Cir. 1999) (district court is presumed to know and apply the law).

Accordingly, we affirm the sentence.[2]

---

[2]As to the arguments raised in Pena's supplemental brief, "it is Eighth Circuit policy to refuse to consider pro se filings when a party is represented by counsel." *United States v. Martin*, 59 F.3d 767, 768 n.2 (8th Cir. 1995).