**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jason TREMBLE, Defendant–
Appellant.**

No. 07–3130.

United States Court of Appeals,
Tenth Circuit.

Feb. 20, 2008.

Terra D. Morehead, Office of the United States Attorney, Kansas City, KS, for Plaintiff–Appellee.

Charles D. Dedmon, Office of the Federal Public Defender, Kansas City, KS, for Defendant–Appellant.

Before HENRY, Chief Judge, TYMKOVICH, and HOLMES, Circuit Judges.*

## ORDER AND JUDGMENT**

ROBERT H. HENRY, Chief Judge.

Jason Tremble pleaded guilty to being a felon in a possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 115 months' imprisonment to run concurrently with a 40–month sentence previously imposed in state court for the same incident and consecutively to an unrelated state court term. On appeal, Mr. Tremble argues that (1) the government violated "an oral plea agreement"; and (2) the district court erred in its guideline calculation by not adjusting the sentence pursuant to U.S.S.G. § 5G1.3(b). We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

## I. BACKGROUND

*Factual Background*

On October 5, 2003, around 2:00 a.m., Mr. Tremble was outside a popular college hangout, "It's Brother's Bar and Grill," in Lawrence, Kansas. Mr. Tremble, apparently upset due to an earlier confrontation, randomly began firing a 9mm semi-automatic handgun directly into the sidewalk, as he was walking. Eleven people were struck and injured by flying debris and bullet fragments. Mr. Tremble fled the scene, wrecking his car a short distance away. Police quickly identified and arrested Mr. Tremble. On November 9, 2003, a resident located a pistol near where Mr. Tremble had crashed his car, and forensic analysis showed that the casings recovered at the scene of the crime had been fired from this pistol. The pistol had been manufactured outside Kansas. Thus, in order for Mr. Tremble to have obtained it, it must have traveled through interstate commerce.

*Procedural Background*

Mr. Tremble had previously been convicted in Shawnee County, Kansas, of felony obstruction of the legal process, for which he received 34 months' imprisonment, and possession of cocaine, for which he received a concurrent 14 months' imprisonment [hereinafter "Shawnee County cases"]. He was on probation for those two offenses when he committed the current offense.

He was initially charged in state court in Douglas County with eleven counts of aggravated battery, one count of leaving the scene of an accident, and one count of felon in possession of a firearm. On October 31, 2003, he pleaded guilty, and was sentenced shortly thereafter to a total of 40 months' imprisonment. The sentence in the Doug-

---

* After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

** This order and judgment is not binding precedent except under the doctrines of the law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

las County case was to run consecutively to the two Shawnee County cases.

On October 13, 2004, a federal grand jury charged Mr. Tremble with being a felon in possession of a firearm transported in interstate commerce, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On January 23, 2007, Mr. Tremble entered a guilty plea without a plea agreement. Counsel for the government explained to the district court that she had not offered a plea agreement, but noted that she had made some concessions "that I think are justified." Vol. III, at 18–19. Specifically, "[t]he government would concede that any sentence the court imposes here should run concurrent with the sentence in [the Douglas County case] ... and the government will obviously seek that his sentence run consecutive to [the Shawnee County cases]." *Id.* The government also conceded that it would argue Mr. Tremble should be awarded credit for the time he already served for the Douglas County case.

According to the Presentence Report ("PSR"), the Guidelines range was 46–57 months' imprisonment. The government asked for an upward variance based on the fact that state court's prosecution was inadequate. In response to the district court's request for authority on whether correcting such an injustice was a permissible basis for an upward departure, the government cited to *United States v. Myers,* 66 F.3d 1364 (4th Cir.1995), in which consecutive sentences were imposed. Vol. IV, at 55.

The court sentenced Mr. Tremble to 115 months' imprisonment to run concurrently with the Douglas County term, but consecutively to the Shawnee County term. Since Mr. Tremble had already served the Douglas County term, the district court referred the decision on how to credit Mr. Tremble for that time to the Bureau of Prisons. On appeal, Mr. Tremble argues (1) that the government violated an oral plea agreement by citing *Myers*; and (2) that the court erred in not applying U.S.S.G. § 5G1.3(b) to adjust his sentence as an undischarged term of imprisonment.

## II. DISCUSSION

### A) Violation of an oral plea agreement

We review *de novo* the question of whether the government has breached a plea agreement. *United States v. Van-Dam,* 493 F.3d 1194, 1199 (10th Cir.2007).

Although Mr. Tremble did not enter into a written plea agreement, the government did represent to the district court that it had made the concession to seek a partially concurrent sentence and to award to Mr. Tremble any credit he may have received from the time served in his Douglas County case. As Mr. Tremble notes, the district court itself characterized these as promises or inducements, when, after the government disclosed that it had made these concessions, the judge asked Mr. Tremble if anyone had made "any *other* promises or inducements." Vol. III, at 83–84.

The government argues that Mr. Tremble's argument fails because there was no plea agreement. The government argues further that even if the concessions are interpreted as promises, the government fulfilled them, conceding what it promised to concede in the district court.

In assessing the government's arguments, we bear in mind the important truth that the government is not the representative of "an ordinary party to a controversy" but rather of "a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all." *Berger v. United States,* 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935). Furthermore, in most instances, it would be hard

to overstate the power of the government in the plea bargaining process. Consequently, in negotiations with the defense, "fundamental fairness and public confidence in government officials require that prosecutors be held to meticulous standards of both promise and performance." *Palermo v. Warden, Green Haven State Prison,* 545 F.2d 286, 296 (2d Cir.1976) (internal quotation marks omitted). Prosecutors must choose their words with care and operate with the utmost rectitude. Moreover, even if they are labeled "concessions," rather than "promises," in certain circumstances a prosecutor's words may engender reliance in a defendant. And "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

We need not decide in this case whether the government's concessions effectively constituted binding plea agreement promises. Because even if they did, we must reject Mr. Tremble's claims that the government did not fulfill its promises. In order to determine whether the government failed to fulfill its promises, we "(1) examine the nature of the promise; and (2) evaluate the promise in light of the defendant's reasonable understanding of the promise at the time of the guilty plea." *United States v. Guzman,* 318 F.3d 1191, 1195–96 (10th Cir.2003).

■ At no time did the government advocate for a sentence contrary to that which it had conceded earlier. Even though the government cited *Myers* for support in a limited context (in response to the district court's request for more au-

thority that an upward variance is warranted to cure injustice resulting from an inadequate state proceeding), it never advocated that the federal sentence be consecutive to the Douglas County sentence. *See* Vol. III, at 142–43. Citing to *Myers* for a limited purpose, at the request of the district court, does not amount to the government's failure to fulfill its promise.

## B) U.S.S.G. § 5G1.3(b)

"We review the district court's interpretation and application of the sentencing guidelines de novo." *United States v. Contreras,* 210 F.3d 1151, 1152 (10th Cir. 2000).

■ U.S.S.G. § 5G1.3(b) provides in relevant part: "[i]f … a term of imprisonment resulted from another offense that is relevant conduct to the instant offense … the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment." Mr. Tremble argues that under § 5G1.3(b), the guideline sentence should have given Mr. Tremble credit for the 40–month Douglas County sentence he had already served, instead of referring that decision to the Bureau of Prisons.

As we have noted previously, § 5G1.3(b) requires that a defendant be subject to an undischarged term of imprisonment, which "creates a strong inference that the Commission did not intend § 5G1.3(b) to apply to sentences that had been fully served." *United States v. Ogg,* 992 F.2d 265, 266 (10th Cir.1993).[1] Since Mr. Tremble had already completed his 40–month Douglas County term, it was not "undischarged" and thus not covered by § 5G1.3(b). In fact, Mr. Tremble's brief refers to the Douglas County term as "fully dis-

---

1. Although this case discussed the 1991 Guidelines, the relevant portions, and thus our analysis, remain the same.

charged." Aplt's Br. at 19. Because the Douglas County term was discharged, we reject Mr. Tremble's claim that the district court erred by not applying § 5G1.3(b).

## III.  CONCLUSION

Accordingly, we AFFIRM the district court's sentence.