ROSENBAUM, Circuit Judge,
concurring:
Of course, we are bound to apply the law as it is written. So that is what we do. Here, what the Sentencing Guidelines require is clear and unambiguous. I write separately to note only that the apparent incongruity of results between §§ 5G1.3 and 5K2.23 seems out of line with the purpose of § 5G1.3.
As we have indicated, the Supreme Court has described § 5G1.3 as an “attempt] to achieve some coordination of sentences imposed [where separate prosecutions occur based in part on the same relevant conduct] with an eye toward having such punishments approximate the total penalty that would have been imposed had the sentences for the different offenses been imposed at the same time.” Witte, 515 U.S. at 404, 115 S.Ct. 2199. Indeed, the Supreme Court has characterized § 5G1.3 as a “[significant safeguard[ ] built into the Sentencing Guidelines ... to protect [a] petitioner against having the length of his sentence multiplied by dupli-cative consideration of the same criminal conduct.” Id. at 405,115 S.Ct. 2199.
We have further elaborated on the important role of § 5G1.3 in “protecting] a criminal defendant from duplicative prosecutions.” United States v. Bidwell, 393 F.3d 1206, 1209 (11th Cir. 2004). As we have explained, “The Double Jeopardy Clause does not prevent different sovereigns (i.e., a state government and the federal government) from punishing a defendant for the same criminal conduct. But §§ 5G1.3 and 1B1.3 [explaining the meaning of “relevant conduct” in the Guidelines] do. These sections seek ‘to provide one, uniform punishment for the same criminal activity.’ ” Id. (citation omitted).
Whether a defendant’s state sentence for relevant conduct has been fully discharged or not at the time of his federal sentencing seems to me to have no logical bearing on the district court’s determina *1341 tion of an appropriate total sentence for all relevant conduct on which it is sentencing the defendant.
I am aware that two circuits have found a rational basis for the difference in treatment between defendants with discharged and undischarged sentences on relevant conduct.[1] See United States v. Dunham, 295 F.3d 605, 610-11 (6th Cir. 2002); United States v. Otto, 176 F.3d 416, 418 (8th Cir. 1999). Most respectfully, I disagree that either circuit’s analysis survives scrutiny.[2]
First, the Sixth Circuit has opined that the distinction between discharged and undischarged sentences “ensures that if two defendants who are convicted of identical state law crimes are subsequently convicted on a federal charge for the same conduct that formed the factual basis of their state convictions, then those two defendants will serve an equal term of imprisonment upon their federal conviction, regardless of whether their state sentence had been fully discharged.” Dunham, 295 F.3d at 611. In the Sixth Circuit’s view, if this distinction did not exist and defendants were credited for time served on both discharged and undischarged state sen-fences involving relevant conduct, “a defendant with a previously discharged state sentence would serve a shorter term of imprisonment upon his subsequent federal conviction than would a defendant with an undischarged state sentence.” Id.
Most respectfully, I disagree. Imagine two defendants charged by both the state and the federal government for the same conduct, but Defendant A is arrested on his state charges before Defendant B. Both defendants are ultimately sentenced to the exact same term of ten months’ imprisonment for their state crimes. Because Defendant A was arrested earlier than Defendant B, though, Defendant A completes his sentence before being arrested for his federal crimes. Defendant B, on the other hand, is writted into federal custody to face federal charges while he still has one month left on the sentence that Defendant A has already completed. In both cases, the district court concludes that the total appropriate sentence is two years’ imprisonment.
Under § 5G1.3(b), Defendant B must be sentenced to 15 months in federal prison instead of 24 months because he must receive credit for the nine months he has *1342 served in state prison since his state sentence is not fully discharged. And the tenth month on the state time must run concurrently with the federal sentence imposed. See § 5G1.3(b)(2). So between his state and federal sentences, Defendant B serves a total of 24 months. Defendant A, however, is not entitled to credit for his ten months in state custody because his state sentence has been completely discharged at the time of his federal sentencing. Though the district court could choose to downwardly depart under § 5K2.23, it decides not to do so. So it imposes a federal sentence of 24 months’ imprisonment. Defendant A will then serve a total sentence of 34 months on his relevant conduct, accounting for both the state and federal time he will spend.[3]
And if the guidelines are amended so that Defendants A and B are eligible for reduced sentences under § 3582(c)(2), then even if, during his original sentencing, Defendant A receives a downward departure for time served in state custody on relevant conduct, he cannot get the benefit of that credit in the § 3582(c)(2) proceeding. But Defendant B must receive the credit.
As for the Eighth Circuit, it reasoned that “[w]ith undischarged sentences, there remains uncertainty as to the amount of time a defendant will actually serve.” Otto, 176 F.3d at 418. So, according to the Eighth Circuit, “a defendant could be paroled, placed on probation after serving some period of shock detention, given credit off a sentence for good behavior, or have the sentence vacated.” Id. But with a discharged sentence, “[t]here are no such contingencies.” Id.
In my view, this analysis does not explain how or why crediting time served on state sentences with remaining time, but not crediting fully discharged state sentences on relevant conduct, furthers the purpose of imposing a single total punishment for all relevant conduct.[4] Rather, it seems to me that crediting all state time already served for relevant conduct— whether the sentence is fully discharged or not at the time of federal sentencing — and running any undischarged state time concurrently with the federal sentence imposed is the only way to accomplish a total sentence that accounts for all relevant conduct without-being duplicative.
In short, it is not clear to me why the mere discharged or undischarged nature of *1343 a state sentence involving relevant conduct should affect, at either his original sentencing or his § 3582(c)(2) proceedings, a defendant’s entitlement to credit for his state custody. Perhaps a good reason for the distinction in treatment between discharged and undischarged sentences exists, one that makes sense in light of the purpose of § 5G1.3(b) as the Supreme Court has explained that purpose. But if not, it is time to extinguish that difference in treatment.

. A third circuit denied an equal-protection challenge to 18 U.S.C. § 3584's distinction in treatment between discharged and undischarged sentences, but it did not offer an explanation as to why the distinction has a rational basis, instead finding that the defendant had failed to meet his burden to show that a rational basis was lacking. See United States v. Lucas, 745 F.3d 626, 630-31 (2d Cir. 2014).

. In fairness to the Sixth and Eighth Circuits, the version of § 5G1.3(b) that they reviewed differed from the one applicable in Gonzalez-Murillo’s case. The older version did not contain what is now § 5G1.3(b)(1). Instead, § 5G1.3(b) then provided, “If ... the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.” That provision is effectively the equivalent of what is now § 5G 1.3(b)(2). The difference in provisions might help explain some of these circuits' analysis. But to simplify my discussion of the reasoning that the Eighth and Sixth Circuits provided justifying the difference in treatment between discharged and undischarged sentences, I address their articulated reasons as though they offered them in response to the current version of § 5G1.3(b).

. Gonzalez-Murillo’s case is not before us on an equal-protection challenge as it was before the Sixth Circuit. So we do not consider and I do not suggest a view on that issue. Instead, I discuss Dunham for the sole purpose of explaining why I do not believe that the Sixth Circuit’s explanation for the difference in treatment between discharged and undischarged sentences shows how the mere fact that a state sentence may have been discharged or undischarged bears on what the total punishment for all relevant conduct should be. The Northern District of Illinois reached a similar conclusion about Dunham’s analysis when it considered it in the context of evaluating the distinction in 18 U.S.C. § 3584 between discharged and undischarged terms of imprisonment. See United States v. Hill, 187 F.Supp.3d 959, 968 (N.D. Ill. 2016). There, the court concluded that the distinction was an "arbitrary [one] that violates the Fifth Amendment’s due process guarantee.” Again, though, this issue is not before us, so I do not opine on it. I cite Hill’s determination for only the purpose of demonstrating that the distinction between how discharged and undischarged terms of imprisonment are treated seems inconsistent with the purpose of § 5G1.3 to effectively impose a total term of imprisonment that accounts for both the federal and relevant state conduct.

. If anything, it suggests that better reasons exist to credit discharged time than undischarged time. But § 5G1.3(b)(2) accounts for that problem by making undischarged time run concurrently with federal time imposed.